IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00499-MSK-BNB

MARGARET HOLLANDER,

Plaintiff,

v.

ANTHONY J. ZITO,
MAXIMUS HOLDINGS,
GLADIUS INVESTMENT CORP.,
MICHAEL BEITER,
DAN VOLKER, and
STEVE COSTA,

Defendants.
_____

**ORDER**
_____

This matter arises on the **Joint Motion to Approve Stipulation to Amend Complaint** [Doc. #13, filed 06/01/2011] (the "Motion").  The Motion is DENIED WITHOUT PREJUDICE.

The plaintiff and defendant Anthony Zito have submitted a stipulation to amend the complaint [Doc. #13-1].  They state that Zito filed a motion to dismiss [Doc. #11] which raises the issue of lack of personal jurisdiction and that "[t]he parties agree and request the Court to enter an order giving the Plaintiff forty-five (45) days from the date this Stipulation is signed by the Court to amend her Verified Complaint and giving Defendant Zito further twenty-one (21) days from the date of service of the Amended Verified complaint to respond to same."  Id. at ¶ 3.  The plaintiff does not attach a copy of the proposed amended complaint, nor does she describe the proposed amendments.

In the absence of a copy of the proposed amended complaint, it is not possible to determine if the plaintiff's proposed amendments are appropriate. When seeking leave to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary. In addition, the plaintiff must attach the proposed amended complaint to the motion. The proposed amended complaint shall be submitted on the court's form and shall be entitled Amended Complaint. D.C.COLO.LCivR 8.1A (stating that "[a] pro se party shall use the forms established by this court to file an action").

In addition, the Federal Rules of Civil Procedure require that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together,

Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The plaintiff's initial Complaint [Doc. #1] is not a model of clarity. Therefore, any proposed amended complaint must comply with this order. The background statement shall briefly summarize the plaintiff's case and shall not exceed two double-spaced typewritten pages. Each claim shall be stated separately. Each claim shall state which defendants the claim is brought against and shall briefly allege facts sufficient to state a claim for relief against each of those defendants. Each claim shall not exceed three typewritten pages, double-spaced.

Finally, the plaintiff may not incorporate by reference her original Complaint into the proposed amended complaint. The proposed amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims. <u>Mink v. Suthers</u>, 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect") (internal quotations and citations omitted).

IT IS ORDERED that the Motion is DENIED WITHOUT PREJUDICE. Any future attempts to amend the Complaint shall comply with the Federal Rules of Civil Procedure, the local rules of this court, and this order.

Dated June 6, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge