IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-00499-MSK-BNB

MARGARET HOLLANDER,

        Plaintiff,

v.

ANTHONY J. ZITO;
MAXIMUS HOLDINGS;
GLADIUS INVESTMENT CORP.;
MICHAEL BEITER;
DAN VOLKER; and
STEVE COSTA,

        Defendant.

---

**OPINION AND ORDER DENYING MOTION TO DISMISS**

---

**THIS MATTER** comes before the Court on Defendant Anthony Zito's Motions to Dismiss (**#11 & # 16**), in response to which Plaintiff Margaret Hollander filed a document entitled "Denial of Motion to Dismiss" (**#17**), which does not address any of the arguments asserted by Mr. Zito. Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### II. Background

Ms. Hollander filed her Complaint (#1) in this matter *pro se*.[1] In it, she alleges that she was induced by Defendant Costa and others to invest considerable sums (nearly $600,000) with Maximus Holdings and/or Gladius Investment Corporation ("Gladius"), which were controlled by Mr. Zito. Investors were told that their funds were being invested in the "London overseas silver exchange."[2] Ms. Hollander states that in fact the money was not invested but rather appropriated by Mr. Zito and the other Defendants. Ms. Hollander attempted to get her money back after Defendant Beiter was indicted for various federal tax and corruption crimes but no funds were ever returned. She further alleges that she was induced by Mr. Zito to sign a "hold harmless" letter whereby she agreed liquidate her account and accept a certain sum in cash in exchange for a release of claims against Gladius and/or Zito. The release appears to be signed by Ms. Hollander in a representative capacity on behalf of the "Dos Hermanas Trust." It appears that Ms. Hollander asserts a claim for fraud and for "money had and received".

Mr. Zito, through counsel, filed a Motion to Dismiss and Motion to Strike Allegations in Plaintiff's Verified Complaint (#**11**), in which he asserts various grounds upon which the Complaint should be dismissed. Thereafter, he and Ms. Hollander filed a stipulation to permit

---

[1] The Court is mindful that Ms. Hollander is proceeding pro se and, therefore, the Court construes Ms. Hollander's pleadings liberally and holds Ms. Hollander to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

[2] Ms. Hollander alleges that the Defendants particularly targeted members of "sovereign citizen" and other similar groups "who no longer have trust in the system or the dollar."

Ms. Hollander to file an Amended Complaint; however, Ms. Hollander never did so. Mr. Zito then filed a second Motion to Dismiss (#**16**), essentially renewing his original motion.

### III.   Analysis

Mr. Zito moves for dismissal of the Complaint on several grounds: (1) the allegations in the Complaint do not demonstrate personal jurisdiction over Mr. Zito; (2) the fraud claims are not pled with specificity; (3) Ms. Hollander failed to join indispensable parties, including the Dos Hermanas Trust; (4) Ms. Hollander lacks standing to assert claims on behalf of other purported fraud victims; (5) under the doctrine of *in pari delicto*, Ms. Hollander cannot obtain relief for injuries resulting from her involvement in a scheme to avoid taxes; (6) Ms. Hollander's claims are barred by the hold harmless and release of claims agreement; and (7) any refunds sought under the money had and received claim should be obtained from Gladius Investments, not Mr. Zito personally.

In addition, Mr. Zito seeks to strike from the Complaint references to alleged fraud against unknown or unnamed persons, conclusory statements referring to the Defendants as criminals or thieves, statements relating to the criminal charges against Defendant Beiter, and statements relating to another investment scheme in which Ms. Hollander did not participate.

#### A.   Personal Jurisdiction

In the Complaint, Mr. Zito is alleged to be a resident of Florida. The burden to demonstrate that this Court has personal jurisdiction over Mr. Zito is on Ms. Hollander. *See OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). "When a district court rules on a Fed.R.Civ.P. 12(b)(2) motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, . . . the plaintiff need only make a *prima facie* showing of personal jurisdiction to defeat the motion." *Id*. (citing *Kuenzle v. HTM*

*Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir.1996)). Mr. Zito has not proffered an affidavit or otherwise disputed the facts as alleged in the Complaint; accordingly, whether personal jurisdiction exists will be determined from the allegations alone.

### 1. Applicable Law

For a court to exercise personal jurisdiction over a defendant, there must both a showing that (i) jurisdiction is proper under the laws of the forum state and (ii) the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment. *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004). Colorado's long arm statute is coextensive with the constitutional limitations imposed by the due process clause; therefore, the inquiry collapses into a single inquiry: whether jurisdiction is consistent with the due process clause. *See id.*

The due process clause requires that the nonresident defendant have "minimum contacts" with the forum state. *See OMI Holdings, Inc.*, 149 F.3d at 1091 (quoting *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). The "minimum contacts" standard may be met by showing either general or specific jurisdiction over the defendant. *See OMI Holdings*, 149 F.3d at 1090-91. First, a court may exercise general jurisdiction over a defendant for any claim, whether arising from activities in the state or not, if the defendant has sufficiently strong business contacts with the forum state. *Id.* at 1091. Because general jurisdiction is not tied to the events forming the basis for the litigation, however, a court imposes a stringent minimum contacts test, requiring the defendant to have "continuous and systematic general business contacts" with the forum state. *Id.*

Alternatively, a court may exercise specific jurisdiction over a defendant if the defendant's actions in or directed at the forum give rise to the litigation. Specific jurisdiction may be asserted over a nonresident defendant "if the defendant has 'purposefully directed' his

activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *OMI Holdings*, 149 F.3d at 1090-91 (citations omitted). Under Colorado law, specific jurisdiction extends to any person who commits a tortious act in Colorado where the cause of action arises from the tortious conduct. C.R.S. § 13–1–124(1)(b). In defining the contours of subsection (1)(b), Colorado courts have held that the statute may be satisfied when (1) tortious conduct occurs in Colorado, or (2) when tortious conduct initiated in another state causes injury in Colorado. *Classic Auto Sales, Inc. v. Schocket*, 832 P.2d 233, 235-36 (Colo. 1992).

In addition to examining a defendant's minimum contacts with the forum state, a court must also analyze whether the exercise of personal jurisdiction offends "traditional notions of fair play and substantial justice." *ClearOne Communications, Inc. v. Bowers*, 643 F.3d 735, 764 (10th Cir. 2011). This inquiry requires a determination of whether personal jurisdiction over a defendant with minimum contacts is reasonable in light of the circumstances surrounding the case. In assessing reasonableness, a court considers: (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Id*.

### 2. Mr. Zito's Contacts with Colorado

Ms. Hollander's allegations do not include any facts showing that Mr. Zito, either individually or through any of his business entities, has or had continuing and systematic business contacts with Colorado such that he is subject to general jurisdiction. Therefore, the allegations must demonstrate specific jurisdiction to survive the motion to dismiss.

Ms. Hollander has alleged that Mr. Zito controlled Gladius and that various Defendants, including Mr. Volker and Mr. Costa, acted on behalf of Gladius and/or Mr. Zito to solicit Ms. Hollander's investment in Gladius. In addition, Ms. Hollander submits as exhibits several letters and account statements from Mr. Volker and Gladius, addressed to Ms. Hollander in Colorado. The letters acknowledge receipt of Ms. Hollander's funds and inform her of the status of her alleged investments. It is these communications, in addition to various unspecified telephone communications, that are alleged to be fraudulent. In addition, it appears that the purported hold harmless and release of claims agreement, which could also support Ms. Hollander's fraud claim, was negotiated directly by Mr. Zito with Ms. Hollander. Ms. Hollander has sufficiently stated conduct by Mr. Zito, directly or through his alleged agents, that is purposefully directed at a resident of Colorado such that he could "reasonably anticipate being haled into court there." *See Broadview Financial, Inc. v. Entech Management Services Corp.*, 859 F.Supp. 444 (D.Colo. 1994); *Classic Auto Sales,* 832 P.2d at 236 (tortious acts were committed within the state for purpose of assertion of Colorado's long-arm statute because the misrepresentations involved in the seller's alleged false advertising material and telephonic communications were not complete until received by the buyer in Colorado).

Turning to the reasonableness prong of the due process analysis, there is little indication that litigating in Colorado will impose a significant burden on Mr. Zito, particularly since he is represented by counsel and electronic filing and communications have simplified out-of-state litigation. Colorado would have a strong interest in resolving the dispute as the case concerns an alleged significant fraud on one of its residents. The plaintiff's interest in receiving convenient and effective relief is best served by maintaining jurisdiction in Colorado. There is no evidence or argument as to the remaining factors, *i.e.*, the interstate judicial system's interest in obtaining

the most efficient resolution of controversies and the shared interest of the several states in furthering fundamental substantive social policies, and so these factors are neutral.  None of these factors demonstrates that the exercise of jurisdiction over Mr. Zito would be unreasonable or otherwise offend due process.

Therefore, the Complaint will not be dismissed for a failure to adequately allege facts showing that this Court has personal jurisdiction over Mr. Zito.

### B.    Failure to Plead Fraud with Specificity

Mr. Zito also argues that the Complaint must be dismissed because Ms. Hollander has not alleged specific conversations or communications with Mr. Zito and has not identified the specific misrepresentations made to her.  He therefore contends that the claims must be dismissed for failure to comply with Rule 9(b) of the Federal Rules of Civil Procedure, which requires that a party "state with particularity the circumstances constituting fraud."

This argument is essentially an assertion that absent specific allegations of fraud, the Complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  In reviewing a complaint under Rule 12(b)(6), a court should accept, as true, all well-pleaded facts and construe all reasonable allegations in the light most favorable to a plaintiff.  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  To the extent that allegations of fraud are conclusory or made on information and belief without setting forth the circumstances with specificity, as required by Fed. R. Civ. P. 9(b), they will be disregarded.  The remaining allegations are examined to determine whether they adequately state a claim for fraud.  *See Lone Star Ladies Investment Club v. Schlotzsky's Inc*., 238 F.3d 363, (5th Cir. 2001) ("[A]n inadequate averment of fraud does not mean that no claim has been stated.  The proper route is to disregard averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim has

been stated.").

Although many of the allegations in the Complaint are conclusory and/or contain no factual underpinnings, there are sufficient specific allegations regarding the alleged fraud to permit the claim to go forward. Ms. Hollander has alleged that Mr. Zito, either personally and/or through his agents or entities, represented that he would invest Ms. Hollander's funds in silver, she provided him the funds for that purpose, but the funds were not so invested and rather appropriated by Mr. Zito for his own purposes. Ms. Hollander's attached documents also provide specific facts regarding some of the representations made and her payment of funds to Gladius, as well as the alleged losses incurred. Therefore, the fraud claim will not be dismissed for failure to state a claim.

### C.     Failure to Join Indispensable Parties

Mr. Zito argues that several attachments to the Complaint refer to the Dos Hermanas Trust. The status of this entity is unclear; it may be an entity through which Ms. Hollander paid monies to Gladius or an entity separate from Ms. Hollander that may be able to assert its own claims. Mr. Zito argues without elaboration that the Dos Hermanos Trust is an indispensable party that must be joined. This is an affirmative defense for which Mr. Zito bears the burden of proof.

It is possible that the Dos Hermanos Trust should be a party to this lawsuit; however, without any evidence or argument as to whether this entity is a necessary party under Rule 19 of the Federal Rules of Civil Procedure, Mr. Zito fails to carry his burden. Therefore, the claims will not be dismissed on this basis.

### D.     Lack of Standing

Mr. Zito next contends that the Complaint should be dismissed because Ms. Hollander does not have standing to assert claims on behalf of other purported victims of the fraud scheme. Although Ms. Hollander refers in her Complaint to other participants, the Court does not construe her Complaint as asserting claims on behalf of anyone other than herself. Ms. Hollander clearly has standing in this regard. Accordingly, the Complaint will not be dismissed for lack of standing.

### E.     Doctrine of *In Pari Delicto*

Mr. Zito asserts that Ms. Hollander claims that part of the "scheme" by Defendants was to invest in silver for the purpose of tax avoidance and tax evasion. Therefore, he contends that she is barred by the doctrine of *in pari delicto* from asserting a claim based on alleged injuries arising from the same scheme.

"[W]hen a participant in illegal, fraudulent, or inequitable conduct seeks to recover from another participant in that conduct, the parties are deemed *in pari delicto*, and the law will aid neither, but rather, will leave them where it finds them." *Sender v. Kidder Peabody & Co., Inc.*, 952 P.2d 779, 782 (Colo. App. 1997). In the Complaint, Ms. Hollander acknowledges that the investment scheme was recommended for the purpose of tax avoidance but she expressly disclaims any such intent, stating that she "did not participate in any related tax avoidance schemes and was fully prepared to pay for any capital gains on her money as mandated by the IRS." Complaint ¶ 6. In the absence of allegations or an evidentiary showing that Ms. Hollander's involvement in the investment scheme was itself illegal or fraudulent, the Complaint will not be dismissed pursuant to the doctrine of *in pari delicto*.

### F.     Hold Harmless Agreement

Mr. Zito next argues that Ms. Hollander's claims are foreclosed by the hold harmless agreement, in which she agreed to release all claims against him and Gladius. However, Ms. Hollander alleges in the Complaint that the agreement is ineffective because it was induced by fraud. Moreover, by its express terms, the release was provided in exchange for a monetary payment. The allegations do not show, and Mr. Zito does not provide any evidence, that such payment was ever made. Therefore, it is not clear from the face of the Complaint that the hold harmless agreement should bar Ms. Hollander's claims.

### G.     Money Had and Received

Finally, Mr. Zito seeks dismissal of Ms. Hollander's claim for money had and received because her monies were paid to Gladius, not Mr. Zito personally. Therefore, he argues, this claim cannot be asserted against him. He also contends that this claim is barred by the economic loss rule.

A plaintiff can maintain an action for money had and received whenever the defendant "has received money which, in equity and good conscience, he ought to pay over." *Monday v. Robert J. Anderson, P.C.*, 77 P.3d 855 (Colo.App. 2003). Ms. Hollander alleges that although she paid the money to Gladius, Mr. Zito ultimately received it and used it himself. Given that Mr. Zito is alleged to be the holder of the funds, he can equitably be required to return them. Therefore, Ms. Hollander has adequately stated this claim.

As to the economic loss rule argument, Mr. Zito contends that Ms. Hollander has not shown that he had any duties to her independent of any contractual obligations and therefore her claim for money had and received is barred by the economic loss rule. Although Ms. Hollander's payment of monies may have been pursuant to a contract, she may be entitled to rescind that contract on the grounds of fraudulent inducement. *Robinson v. Colorado State*

*Lottery Div.,* 179 P.3d 998, 1004 (Colo. 2008).  An action for money had and received is an appropriate equitable remedy where a rescission takes place.  *Morgan v. Brinkhoff*, 145 Colo. 78, 358 P.2d 43 (Colo. 1960).  Therefore, dismissal of the claim for money had and received is not appropriate.

        **H.**     **Motion to Strike**

Mr. Zito also moves to strike several allegations from the Complaint pursuant to Fed. R. Civ. P. 12(f) on the grounds that the allegations are redundant, immaterial, impertinent, or scandalous.  To the extent that Mr. Zito seeks to strike allegations that are allegedly irrelevant, such as those pertaining to the criminal prosecution of Defendant Beiter or other investment schemes promoted by Mr. Zito, it is not clear at this point that these allegations are immaterial.  Therefore, the motion is denied as premature as to these allegations   Mr. Zito also seeks to strike Ms. Hollander's allegations characterizing Mr. Zito as a thief and a criminal.  These will not be stricken at this time but are construed as no more than Ms. Hollander's opinion in this regard.

        **IT IS THEREFORE ORDERED**

        (1)     Defendant Anthony Zito's Motions to Dismiss **(#11 & # 16)** are **DENIED**.  A responsive pleading shall be filed within 14 days of the date of this Order.

Dated this 21st day of November, 2011.

                                                      **BY THE COURT:**

                                                      */s/ Marcia S. Krieger*

                                                      Marcia S. Krieger
                                                      United States District Judge