IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00499-MSK-BNB

MARGARET HOLLANDER,

Plaintiff,

v.

ANTHONY J. ZITO,
MICHAEL BEITER, and
STEVE COSTA,

Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the plaintiff's **Notice & Motion for Default Judgment** [Doc. #47,

filed 09/17/2012] (the "Motion").  I respectfully RECOMMEND that the Motion be DENIED

and that the Complaint be DISMISSED based on the plaintiff's lack of standing.

## LEGAL STANDARD

The entry of a default judgment is governed by Fed. R. Civ. P. 55(b), which provides in

relevant part:

> **(b)  Entering a Default Judgment.**
> **(2)  *By the Court.***  In all other cases [not subject to subpart (b)(1)],
> the party must apply to the court for a default judgment.  A default
> judgment may be entered against a minor or incompetent person
> only if represented by a general guardian, conservator, or other like
> fiduciary who has appeared.  If the party against whom a default
> judgment is sought has appeared personally or by a representative,
> that party or its representative must be served with written notice
> of the application at least 7 days before the hearing.  The court
> may conduct hearings or make referrals--preserving any federal
> statutory right to a jury trial--when, to enter or effectuate
> judgment, it needs to:

> **(A)** conduct an accounting;
> **(B)** determine the amount of damages;
> **(C)** establish the truth of any allegations by evidence; or
> **(D)** investigate any other matter.

Rule 55(a), Fed. R. Civ. P., allows a default against a party when that party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ." A trial court is vested with broad discretion in deciding whether to enter a default judgment. <u>Grandbouche v. Clancy</u>, 825 F.2d 1463, 1468 (10th Cir. 1987).

"Once the default has been established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief." 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688 at p. 63; <u>accord</u> <u>Olcott v. Delaware Flood Co.</u>, 327 F.3d 1115, 1125 n.11 (10th Cir. 2003)(stating that "[a]fter an entry of default, a defendant cannot defend a claim on the merits"). In addition:

> Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. . . . Once the court determines that a judgment by default should be entered, it will determine the amount and character of the recovery that should be awarded.

10A Wright, Miller & Kane, <u>supra</u>.

Finally, because the plaintiff is proceeding *pro se*, I liberally construe her pleadings. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).

## FINDINGS AND CONCLUSIONS

I find and conclude as follows:

1.   The plaintiff, Margaret Hollander, commenced this action by filing a Verified

Complaint [Doc. #1, filed 03/01/2011].[1]  The Complaint alleges that the defendants conspired to

fraudulently induce Ms. Hollander to invest a total of $595,000.00 in a non-existent "London

overseas silver exchange."[2]

2.   Ms. Hollander invoked the jurisdiction of this court pursuant to 28 U.S.C. § 1332

(diversity).

3.   Service of process was perfected against (a) defendant Zito on April 8, 2011, by

delivering a copy of the Summons and Complaint to his wife, Nancy Zito, at his usual place of

abode [Doc. #9]; (b) defendant Beiter on April 28, 2011, by delivering a copy of the Summons

and Complaint to Mr. Beiter at the Federal Detention Center Miami [Doc. #39]; and (c)

defendant Costa on March 15, 2011, by delivering a copy of the Summons and Complaint to Mr.

Costa [Doc. #10].

4.   On March 21, 2011, defendant Costa filed a paper titled "Good Faith Notice" wherein

he stated that he does not consent to be recognized by the name Steve Costa [Doc.#5].  He

further stated that "I am a peaceful inhabitant sent of my Father who I AM one with as an Envoy

---

[1]The Complaint contains an unsworn, dated declaration by Ms. Hollander that under
penalty of perjury, her statements of fact are true.  *Complaint*, p. 15.  Under 28 U.S.C. § 1746,
whenever any rule requires that a matter be verified, such matter may be supported by an
unsworn declaration which is subscribed by the author as true under penalty of perjury and
dated.

[2]In August 2012, pursuant to Rule 41(a)(1), Fed.R.Civ.P., Ms. Hollander filed a notice of
dismissal without prejudice of defendants Dan Volker, Maximus Holdings , and Gladius
Investment Corp., because she could not effect service on them [Docs. ##45 and 46].  Rule
41(a)(1) permits a plaintiff to dismiss an action without a court order (with exceptions not
applicable in this case) by filing a notice of dismissal before the opposing party serves an answer
or a motion for summary judgment.

to help you settle this matter honorably."  He attached his birth certificate which states that his name is Steven Joseph Costa, and he returned the Complaint.  Costa has not answered the Complaint or otherwise defended himself in this action.[3]

     5.  On April 25, 2011, defendant Zito, through counsel, filed a motion for extension of time [Doc. #6] to respond to the Complaint.  Zito was granted an extension of time until May 19, 2011 [Doc. #8].  On that date, Zito filed a motion to dismiss and motion to strike the complaint [Doc. #11].  Zito's motions were denied, and he was ordered to respond to the Complaint by December 5, 2011 [Doc. #18].  Zito sought two further extensions of time to answer [Docs. ##20 and 29].  He was ultimately granted an extension until February 29, 2012 [Doc. ##22 and 34].  Zito's counsel moved to withdraw as counsel on December 1, 2011, and January 11, 2012 [Docs. ##23 and 27].  The request to withdraw was granted on February 10, 2012 [Doc. #37].  Although Zito was warned that he was responsible for filing an answer on or before February 29, 2012, he failed to do so.  Zito has not participated in this action since his attorney withdrew.

     6.  Defendant Beiter has not filed any papers since being served with the Summons and Complaint.

     7.  The defendants are not minors, incompetent persons, or in the military service.

*Declaration of Margaret Hollander in Support of Entry of Default* [Doc. #42-1], p. 1, ¶ 5.

---

[3]On June 4, 2012, defendant Costa filed his final paper in this case--a notice [Doc. #44] which states "I am withholding my voluntary consent and returning your offer to you, without dishonor, for the reason that I am in the private venue, and your venue is foreign to me; therefore, I don't wish to contract with you in your public venue."  He attached to the notice Ms. Hollander's motions for default.  He signed the notice as "a man, non-resident, Beneficiary of the Constitution of The State of Texas, Belligerent claimer of my God-given, unalienable rights, One of the people of The State of Texas, [and] One of the people of The United States of America."

8.   On April 9, 2012, Ms. Hollander filed an Application for Clerk's Entry of Default [Doc. #40].  The Clerk did not enter default because the Application did not comply with Rule 55, Fed. R. Civ. P.  Ms. Hollander filed a proper Application for Clerk's Entry of Default on May 17, 2012 [Doc. #42].  Ms. Hollander certified that she served copies of both Applications on the defendants.

9.   The Clerk of the Court entered a default against Zito, Beiter, and Costa on May 17, 2012 [Doc. #43].

10.   The unrebutted allegations of the Complaint establish the following:

a.   Costa was aware that Ms. Hollander had received a considerable amount of money through an inheritance.  He advised her to invest in a company called Gladius Investment Corporation ("Gladius") "to capitalize on the upward trend of silver due to the devaluation of the dollar."  *Complaint*, p. 3.  Zito is the principal of Gladious and its sister company, Maximus Holdings.  Id. at p. 10.

b.   Costa told Ms. Hollander to contact Beiter for further information.  Id. at p. 4. After a series of lengthy conversations lasting "a couple of weeks," Beiter convinced Ms. Hollander that the investment was a good opportunity.  Id.  Ms. Hollander was directed to Dan Volker who worked for Zito and would take care of the financial particulars.  Id.

c.   Ms. Hollander invested a total of $595,000.00 in four separate installments. Id.

d.   The money was never invested in silver.  The defendants "converted plaintiff's funds to their own use, each taking a share and providing false financial accountings to cover their actions."  Id. at p. 12.  Zito appropriated the money; Costa received a "finder's fee

5

as a front man in the Zito silver scam"; and Beiter received a "considerable kickback" as the go-between man." Id. at p. 4.

 e. Ms. Hollander attempted to get her money back after Beiter was indicted for various federal tax and corruption crimes, but her money was not returned.  Id. at pp. 5-7.

 f. On March 24, 2010, Ms. Hollander signed a Hold Harmless Agreement and General Release.   The agreement states:

> This Hold Harmless Agreement is entered into by and between Dos Hermanas Trust / Margaret Hollander and Gladius Investment Corp / Anthony J Zito and/or any of its agents.
>
> Whereas The Total Assets of Gladius Investment Corp and All Related Companies have been determined, by an in depth accounting, to be $1,500,000, and your net equity invested with Gladius, to date, to be $595,000, your *Pro Rata* share of Gladius assets has been determined to be $89,205, as of today's date.

*Complaint*, p. 40.

 Ms. Hollander selected the following option as a settlement of her account:

> With regard to My Investment in Gladius and with the acceptance of the cash settlement contained herein, I hereby Release Gladius Investment Corp, and/or any related companies, and/or Anthony J Zito of all liabilities, claims, and actions.

Id.

 g. Ms. Hollander signed the agreement "on the advice of her attorney" and received $89,000.00 as full and final settlement.  Id. at p. 7.

 11. On June 21, 2013, I held a hearing on the Motion because it appeared that Ms. Hollander may have settled with one or more of the defendants, and because the exhibits attached to the Complaint appeared to show that the payments to Gladius were made from the Dos Hermanas Trust (the "Trust"), and not Ms. Hollander.  Id. at pp. 29, 43.  Ms. Hollander stated the following at the hearing:

a.   Ms. Hollander made all of the investment payments from an account at Compass Bank in Texas.  The account is in the name of the Dos Hermanas Trust.[4]

b.   Ms. Hollander is not now and never has been the trustee of the Trust.

c.   The original trustee of the Trust was Brice McCloud.  At the time the investment money was withdrawn from the Trust account, Mr. McCloud had suffered from a stroke.

d.   Ms. Hollander is the sole beneficiary of the Trust.

e.   The Trust is still in existence and contains assets.  The current trustee is Ms. Hollander's son, Michael Mills.

12.   Article III of the Constitution provides that the federal courts may adjudicate only "cases and controversies."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992).  The "case or controversy" requirement ensures that courts consider only tangible disputes capable of resolution rather than disputes presenting purely hypothetical or abstract issues.  Flast v. Cohen, 392 U.S. 83, 94-95 (1968).

Standing to sue is part of the common understanding of what makes a case justiciable.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102 (1998).  The party invoking federal jurisdiction bears the burden of establishing standing, id. at 104, and "bear[s] the burden of proving standing with the manner and degree of evidence required at the particular stage of the litigation."  Hutchinson v. Pfeil, 211 F.3d 515, 519-20 (10th Cir. 2000).

---

[4]Ms. Hollander could not remember if she was authorized to withdraw money from the Trust account.

To establish the irreducible constitutional minimum of standing, a party must allege and ultimately prove: (1) an injury in fact suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical; (2) a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant; and (3) a likelihood that the requested relief will redress the alleged injury.  Steel Co., 523 U.S. at 102-03 (internal quotations and citations omitted).

"[W]hen standing is placed in issue in a case, the question is whether the person whose standing is challenged is a proper party to request an adjudication of a particular issue and not whether the issue itself is justiciable."  Flast v. Cohen, 392 U.S. 83, 99-100 (1968).

13.   A district court may apply the law of the jurisdiction in which it sits unless a party preferring the application of foreign law raises the issue.  See R.L. Clark Drilling Contractors, Inc. v. Schramm, Inc., 835 F.2d 1306, 1307-08 (10th Cir. 1987).  Ms. Hollander has not raised a choice of law issue.

14.   Colorado courts have looked to the Restatement of Trusts for guidance when resolving issues involving beneficiaries of trusts.  E.g. Brotman v. East Lake Creek Ranch, L.L.P., 31 P.3d 886, 894-95 (Colo. 2001) (en banc).  The Restatement (Second) of Trusts provides:

> § 281.  Action At Law By Beneficiary
>
> (1) Where the trustee could maintain an action at law or suit in equity or other proceeding against a third person if the trustee held the trust property free of trust, the beneficiary cannot maintain an action at law against the third person, except as stated in Subsection (2).

> (2) If the beneficiary is in possession of the subject matter of the trust, he can maintain such actions against the third person as a person in possession is entitled to maintain.

Restatement (Second) of Trusts § 281 (1959) (current through 2013).

15.   The Complaint is brought by Ms. Hollander in her individual capacity (not on behalf of the Trust) to recover from third parties money that belonged to the Trust.  Ms. Hollander has not shown that she has authority--as a beneficiary--to bring an action for recovery of monies to the Trust.

16.   Based on the record before me, I find that Ms. Hollander does not have standing to bring this action.

## RECOMMENDATION

I respectfully RECOMMEND that Ms. Hollander's Notice & Motion for Default Judgment [Doc. #47] be DENIED and that this action be DISMISSED due to her lack of standing.[5]

---

[5]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 24, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge